Salvatore G. Gangemi (SG-6769)
GANGEMI LAW FIRM, P.C.
82 Wall Street, Suite 300
New York, New York 10005
Telephone:   212-425-0630
Facsimile:   212-425-1421

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**EDWARD THOMPSON,**

                **Plaintiff,**

    -against-

**MICHAEL ANTONOFF; DYNAMIC AIR**
**CONDITIONING CO., INC.; and XYZ**
**CORPORATIONS 1-10,**

                **Defendants.**

Civil Action No.:  07 CV 3008 (PKC)

**AMENDED COMPLAINT**
**AND JURY TRIAL DEMAND**

---

Plaintiff, Edward Thompson ("Plaintiff" or "Thompson"), as and for his amended complaint, by his attorney, Gangemi Law Firm, P.C., alleges as follows:

**NATURE OF ACTION**

1.    This is an action to remedy violations of the rights of plaintiff arising under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e, *et seq.* (hereinafter "Title VII"); The Civil Rights Act of 1991; the New York State Human Rights Law, McKinney's Executive Law §§ 290, *et seq.* (hereinafter "NYSHRL"); and New York City Human Rights Law, Administrative Code of the City of New York, §§ 8-101, *et seq.* (hereinafter "NYCHRL").

2.    Plaintiff seeks relief for gender discrimination arising out of defendants' refusal to hire him for a position because he is a male.

0407.001 10104070521

## JURISDICTION AND VENUE

3. This action arises under the laws of the United States. Jurisdiction is vested in this court pursuant to 28 U.S.C. §§ 1331, 1343(4) and 42 U.S.C. § 2000e-5(f)(3), conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief.

4. The Court's supplemental jurisdiction of claims arising under the laws of New York State and New York City is invoked under 28 U.S.C. § 1367.

5. Venue herein is proper under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), which is where defendant Dynamic Air Conditioning Inc. is located and doing business.

## PARTIES

6. Plaintiff, Thompson, is a male who resides in the State of New York, New York County.

7. Plaintiff was at all times material hereto an "employee" and an "individual" within the meaning of Title VII, protected against discrimination on the basis of sex.

8. Plaintiff was at all times material hereto an "individual" within the meaning of NYSHRL, protected against discrimination on the basis of sex.

9. Plaintiff was at all times material hereto a "person" within the meaning of NYCHRL, protected against discrimination on the basis of sex.

10. Upon information and belief, Defendant Dynamic Air Conditioning Co., Inc. ("Dynamic") is a corporation incorporated under the laws of New York State. Upon information and belief, Dynamic is doing business in the counties of New York and Queens, State of New York, and is capable of being sued.

11. Upon information and belief, Dynamic is in the business of, among other things, the sale, installation, and servicing of heating, ventilation, and air conditioning systems.

12. At all times material hereto, defendant Dynamic was an "employer" within the meaning of Title VII.

13. At all times material hereto, defendant Dynamic was an "employer" within the NYSHRL.

14. At all times material hereto, defendant Dynamic was an "employer" within the NYCHRL.

15. Upon information and belief, defendant Michael Antonoff ("Antonoff") is a management employee of Dynamic.

16. Upon information and belief, defendant Antonoff is a corporate officer of Dynamic.

17. Upon information and belief, defendant Antonoff is a principal and/or shareholder of Dynamic.

18. At all times material hereto, Antonoff was an "employer" within the meaning of NYSHRL.

19. At all times material hereto, Antonoff was an "employer" within the meaning of NYCHRL.

20. At all times material hereto, Antonoff was an "employee" within the meaning of NYCHRL.

21. At all times material hereto, Antonoff exercised significant influence and control over the hiring decisions of Dynamic.

22. At all times material hereto, Antonoff had the power to screen applicants for

positions with Dynamic.

23. At all times material hereto, Antonoff aided, abetted, incited, compelled or coerced the commission of unlawful discriminatory actions against plaintiff, or attempted to do so.

24. Defendants XYZ Corporations 1-10 are either doing business in or are engaged in the transaction of business within this judicial district. The identities of XYZ Corporations 1-10 are not presently known and cannot be presently known. Plaintiff will seek to amend this complaint to include the name of the actual company or companies referred to herein assuming identification is possible.

## **FACTS**

25. On or about June 7, 2006, plaintiff learned of a job position available with defendant Dynamic, through a classified advertisement posted on the web.

26. Upon information and belief, the classified advertisement was posted by Dynamic.

27. The classified advertisement stated, among other things, that Dynamic sought to hire "someone to just help with the phones, filing, date entry, etc. [*sic*] No major experience needed, but need a good phone voice and be personable with customers." Furthermore, the classified advertisement stated that the starting hourly wage for the position was $10.00.

28. The classified advertisement further stated that applicants could either call or e-mail their "information/resume" to "mike@dynamicac.com."

29. Upon information and belief, mike@dynamicac.com is the e-mail address of defendant Antonoff.

30. On or about June 7, 2006, plaintiff emailed Dynamic stating, among other things, that he was "dependable, and a very hard worker." In addition, plaintiff attached a copy of his resume.

31. By e-mail, dated June 8, 2006, Antonoff responded to plaintiff's June 7 e-mail as follows: "Sorry Ed, my boss is looking for a female, [sic] he thinks the customers tend to not get so angry when talking to females, haha…. [sic] sorry." (ellipsis in original.)

32. Consequently, plaintiff's sex – male, was the motivating factor behind defendants' failure to consider or hire plaintiff for the available position at Dynamic.

## FIRST CLAIM FOR RELIEF

33. Plaintiff incorporates by reference all of the preceding paragraphs. This claim is pled against all defendants, except Antonoff.

34. Defendants refused to consider plaintiff's application for employment and refused to hire him because he was not female. Hence, defendants intentionally discriminated against plaintiff on account of his sex in violation of Title VII.

35. Defendants' acts of discrimination on the basis of sex were performed with malice, and with callous and reckless indifference to plaintiff's protected civil rights.

36. As a proximate result of defendants' acts of unlawful discrimination, plaintiff suffered emotional harm, embarrassment, pain and suffering, humiliation and harm to his reputation.

37. As a proximate result of defendants' acts of unlawful discrimination, plaintiff has suffered and continues to suffer substantial losses incurred in loss of past and future earnings, and other fringe benefits.

## SECOND CLAIM FOR RELIEF

38.  Plaintiff incorporates by reference all of the preceding paragraphs. This claim is pled against all defendants and each of them.

39.  Defendants refused to consider plaintiff's application for employment and refused to hire him because he was not female. Hence, defendants intentionally discriminated against plaintiff on account of his sex in violation of NYSHRL.

40.  As a proximate result of defendants' acts of unlawful discrimination, plaintiff suffered emotional harm, embarrassment, pain and suffering, humiliation and harm to his reputation.

41.  As a proximate result of defendants' acts of unlawful discrimination, plaintiff has suffered and continues to suffer substantial losses incurred in loss of past and future earnings, and other fringe benefits.

## THIRD CLAIM FOR RELIEF

42.  Plaintiff incorporates by reference all of the preceding paragraphs. This claim is pled against all defendants and each of them.

43.  Defendants refused to consider plaintiff's application for employment and refused to hire him because he was not female. Hence, defendants intentionally discriminated against plaintiff on account of his sex in violation of NYCHRL.

44.  Defendants' acts of discrimination on the basis of sex were performed with malice, and with callous and reckless indifference to plaintiff's protected civil rights.

45. As a proximate result of defendants' acts of unlawful discrimination, plaintiff suffered emotional harm, embarrassment, pain and suffering, humiliation and harm to his reputation.

46. As a proximate result of defendants' acts of unlawful discrimination, plaintiff has suffered and continues to suffer substantial losses incurred in loss of past and future earnings, and other fringe benefits.

## PROCEDURAL REQUIREMENTS

47. Plaintiff has satisfied all administrative filing requirements under Title VII, prior to commencing this action. In addition, plaintiff received a Notice of Right to Sue letter from the Equal Employment Opportunity Commission on December 18, 2006, and commenced the instant action *pro se*, within ninety (90) days of his receipt of same, on March 14, 2007.

48. Pursuant to section 8-502(c) of the NYCHRL, plaintiff shall serve a copy of the complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York, within ten days of filing this amended complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands judgment:

(a) against all defendants and each of them, except Antonoff, under the First Claim for Relief;

(1) awarding plaintiff actual damages for loss of wages, benefits and promotional opportunities, including an award of front pay compensating plaintiff for loss of future salary and benefits;

(2) awarding plaintiff compensatory damages in an amount to be determined at trial to compensate plaintiff for physical pain, emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self esteem, loss of career fulfillment, embarrassment, humiliation, and harm to his reputation;

(3) awarding plaintiff punitive damages;

(4) awarding plaintiff the costs of this action, together with his reasonable attorneys' fees; and

(5) awarding plaintiff any other relief this Court deems to be just and proper.

(b)     against all defendants, and each of them, under the Second Claim for Relief;

(1) awarding plaintiff actual damages for loss of wages, benefits and promotional opportunities, including an award of front pay compensating plaintiff for loss of future salary and benefits;

(2) awarding plaintiff compensatory damages in an amount to be determined at trial to compensate plaintiff for physical pain, emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self esteem, loss of career fulfillment, embarrassment, humiliation, and harm to his reputation; and

(3) awarding plaintiff any other relief this Court deems to be just and proper.

(c)     against all defendants, and each of them, under the Third Claim for Relief;

(1) awarding plaintiff actual damages for loss of wages, benefits and promotional opportunities, including an award of front pay compensating plaintiff for loss of future salary and benefits;

(2) awarding plaintiff compensatory damages in an amount to be determined at trial to compensate plaintiff for physical pain, emotional pain, emotional suffering,

inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self esteem, loss of career fulfillment, embarrassment, humiliation, and harm to his reputation;

   (3) awarding plaintiff punitive damages;

   (4) awarding plaintiff the costs of this action, together with his reasonable attorneys' fees; and

   (5) awarding plaintiff any other relief this Court deems to be just and proper.

Dated: New York, New York
   May 21, 2007

          **GANGEMI LAW FIRM, P.C.**

          By: *[signature]*
            Salvatore G. Gangemi

          82 Wall Street, Suite 300
          New York, New York  10005
          212.425.0630

          Attorneys for Plaintiff Edward Thompson