# GANGEMI LAW FIRM, P.C.

82 WALL STREET
SUITE 300
NEW YORK, NEW YORK 10005
TELEPHONE: (212) 425-0630   FACSIMILE: (212) 425-7421
www.gangemilaw.com

**MEMO ENDORSED**

SALVATORE G. GANGEMI
DIRECT DIAL EXTENSION: 12
EMAIL: sgangemi@gangemilaw.com



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/22/07

August 21, 2007

**VIA FEDERAL EXPRESS**

The Honorable P. Kevin Castel, U.S.D.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

RECEIVED
AUG 22 2007
CHAMBERS OF
P. KEVIN CASTEL
U.S.D.J.

Re:   Thompson v. Michael Antonoff, et al.
      U.S. District Court, S.D.N.Y., Civil Action No. 07 Civ. 3008 (PKC)

Dear Judge Castel:

We represent the plaintiff in this action and respectfully write the Court pursuant to its Individual Practices to request leave to file a motion pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure for an Order dismissing defendants' counterclaim alleging "abuse of process" under New York law, and striking the "First Affirmative Defense" purporting to assert issue or claim preclusion based upon a prior dismissal by the Equal Employment Opportunity Commission ("EEOC").

This action asserts gender discrimination claims arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"); The Civil Rights Act of 1991; the New York State Human Rights Law, McKinney's Executive Law, §§ 290, et seq. ("NYSHRL"); and the New York City Human Rights Law, Administrative Code of the City of New York, §§ 8-101, et seq. ("NYCHRL"). Plaintiff alleges that defendants failed to hire him for a position based upon the fact that he was not a female. Defendants have served an Answer and Counterclaim denying many of the allegations of the complaint. In addition, defendants have asserted a single affirmative defense, asserting issue or claim preclusion as well as a counterclaim alleging that the commencement of this action constitutes an abuse of process.

**I.   Defendants' Counterclaim Fails to State a Claim Under Rule 12(b)(6)**

Defendants' counterclaim alleges, among other things, that "there is no basis in law or fact for this lawsuit." (Answer and Counterclaim ("Answer"), ¶ A.) According to defendant,

GANGEMI LAW FIRM, P.C.

The Honorable P. Kevin Castel, U.S.D.J
August 21, 2007
Page 2

"[t]his action has been commenced for the purpose of harassing an [sic] abusing the Defendnat [sic]." (Answer, ¶ B.)

Despite defendants' broad and conclusory allegations, it appears that their counterclaim is premised upon the allegations of their First Affirmative Defense. Indeed, it appears that defendants believe that because the EEOC previously dismissed plaintiff's charge of discrimination and issued a "Right to Sue Letter," plaintiff is somehow precluded or estopped from litigating this matter in court. Defendant, however, fails to plead the essential elements of the tort of abuse of process, which requires that "[f]irst, there must be regularly issued process, civil or criminal, compelling the performance or forbearance of some prescribed act. Next, the person activating the process must be moved by a purpose to do harm without . . . justification. Lastly, defendant must be seeking some collateral advantage or corresponding detriment to the plaintiff which is outside the legitimate ends of the process." Studley v. LeFrak, 41 N.Y.2d 881, 883-84, 393 N.Y.S.2d 980, 982 (1977); Jacques v. DiMarzio, Inc., 216 F.Supp.2d 139, 142 (E.D.N.Y. 2002).

In this case, the only conduct that defendants raise as the basis for their counterclaim is the commencement of this action. (Answer, ¶¶ A-G.). It is settled that the "institution of a civil action by summons and complaint is not legally considered process capable of being abused." Curiano v. Suozzi, 63 N.Y.2d 113,116, 469 N.E.2d 1324, 1326, 480 N.Y.S.2d 466, 468 (1984)(citations omitted); PSI Metals, Inc. v. Firemen's Ins. Co. of Newark, N.J., 839 F.2d 42, 43-44 (2d Cir. 1988). The requisite unlawful interference with person or property is lacking where the only basis for the assertion of an abuse of process claim is the commencement of the action itself. Curiano, 63 N.Y.2d at 116, 480 N.Y.S.2d at 468. Thus, the abuse of process counterclaim fails in this action and should be dismissed as a matter of law.

## II. Defendants' Affirmative Defense should be Stricken Pursuant to Rule 12(f)

Defendants' Answer asserts one affirmative defense, denominated as their "First Affirmative Defense." According to defendants, "[a]ll matters relating to this action have been litigated before equal employment opportunity commission [sic] issued and order of dismissal on 12-04-06." (Answer, ¶ 4.) Notwithstanding defendants' belief, the law is clear that an EEOC dismissal does not bar a subsequent lawsuit relating to the same claims. (In fact, prior to asserting a claim under Title VII and other federal anti-discrimination statutes, a plaintiff must first file a charge of discrimination with the EEOC.)

It is well settled that a motion to strike pursuant to Rule 12(f) should be granted where "it appears to a certainty that plaintiff[ ] would succeed despite any state of the facts which could be proved in support of the defense." Simon v. Manufacturers Hanover Trust Co., 849 F.Supp. 880, 882 (S.D.N.Y. 1994)(alteration in original)(quoting William Z. Salcer, Etc. v. Envicon Equities, 744 F.2d 935, 939 (2d Cir.1984), vacated on other grounds, 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986)).

# GANGEMI LAW FIRM, P.C.

The Honorable P. Kevin Castel, U.S.D.J
August 21, 2007
Page 3

    Critical to the imposition of claim or issue preclusion to a determination of an administrative agency barring a so-called relitigation of the same matter in court is that the agency that rendered the determination act in an adjudicatory capacity. S.E.C. v. First Jersey Securities, Inc., 101 F.3d 1450, 1463 (2d Cir. 1996). Defendants cannot satisfy this initial threshold issue. It is clear that the EEOC neither has, nor purports to have, such authority to act adjudicatively. In McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973), the United States Supreme Court held, among other things, that "in view of the large volume of complaints before the Commission and nonadversary character of many of its proceedings, 'court actions under Title VII are de novo proceedings and . . . a Commission 'no reasonable cause' finding does not bar a lawsuit in the case.'" Id. at 798, 93 S.Ct. at 1822-23 (citations omitted); see also, Murray v. Bd. of Education of the City of New York, 948 F.Supp. 169, 174, n.3 (S.D.N.Y. 1997)( "had they undertaken even a cursory review of controlling precedent, defendants would have discovered that this argument is without merit; a negative Determination by the EEOC does not estop a federal court from making a de novo review of the claims underlying the Determination."); Porter v. Texaco Inc., 985 F.Supp. 380, 383 (S.D.N.Y. 1997)(The purpose of filing a charge is to "'encourage settlement of discrimination disputes through conciliation and voluntary compliance.'(citations omitted) . . . The filing of an EEOC charge also provides an employer with 'a chance to rectify voluntarily the alleged violation, thereby avoiding a court action.'" (citations omitted)).

    Applying a preclusive effect to EEOC determinations would clearly be contrary to the agency's scheme of administration simply because the EEOC's determinations are not intended to be binding. The inclusion of defendants' baseless affirmative defense serves no purpose, other than to cause undue prejudice to plaintiff by requiring him to incur the unnecessary delay and expense in litigating it. This justification is more than sufficient to warrant that the affirmative defense be stricken from the Answer. Simon, 849 F.Supp. at 882 (quotation omitted).

    Accordingly, defendants' affirmative defense must be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Respectfully yours,

*[signature]*

Salvatore G. Gangemi

Cc: Domenic J. Mizio, Esq.
(VIA HAND DELIVERY AND FACSIMILE)

0407.001 10607

*[Handwritten note:]* No need for wasteful motion practice. Mr. Mizio should write the Court (via fax) indicating whether he consents to the withdrawal of the counterclaim. If he does not, then he should explain his reasons. I will then decide whether to schedule a premotion conference or allow plaintiff to proceed with motion or enter an order withdrawing the counterclaim on consent. Letter due August 31. SO ORDERED. *[signature]* 8-22-07